UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DOREEN BROWN,<br><br>　　　　　Defendant. | CR. 19-50085-JLV<br><br><br>ORDER |

The defense noticed Dr. Karla Fischer as an expert witness in the above-
captioned case. (Docket 32). The government filed an objection to
Dr. Fischer's testimony as an expert witness. (Docket 36). At the pretrial
conference, the court determined a Daubert[1] hearing was necessary to
establish: (1) whether Dr. Fischer is qualified to testify as an expert witness;
and (2) if so, the scope of admissibility concerning Dr. Fischer's opinions.
(Docket 47).

## I.　　Dr. Fischer is a Qualified Expert Witness

At the Daubert hearing, the defense met their burden by a
preponderance of the evidence to demonstrate Dr. Fischer's testimony is based
on an extensive educational background, training, experience, and technical
knowledge in domestic violence evaluation.[2] See Marmo v. Tyson Fresh Meats,
Inc., 457 F.3d 748, 757-58 (8th Cir. 2006); FED. R. EVID. 702. Dr. Fischer's

---

[1]Daubert v. Merrell Dow Pharmaceuticls, Inc., 509 U.S. 579, 592 (1993).

[2]See e.g., Defense Exhibit 1 (providing Dr. Fischer's curriculum vitae).

testimony concerning domestic violence is relevant under FED. R. EVID. 401 and meets the helpfulness standard under FED. R. EVID. 702 to assist the jury in making a factual determination as to whether or not Ms. Brown was acting in self defense.  The complex background of individuals who have been subject to domestic violence, as well as how those individuals generally perceive and react to ongoing danger and threats, is beyond the common understanding of the jurors and, therefore, is helpful.

Dr. Fischer testified her field of expertise is grounded in research psychology, as opposed to clinical psychology, so she will not offer any clinical diagnosis of Ms. Brown.  Rather, Dr. Fischer uses an interview adaptation of generally accepted psychological instruments such as the Abusive Behavior Observation Checklist[3] and Danger Assessment[4].  "General acceptance" is not a necessary precondition to the admissibility of evidence, but the trial judge must ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.  United States v. Rodriguez, 581 F.3d 775, 794 (8th Cir. 2009).  Pertinent evidence based on psychologically valid principles will satisfy those demands.  Id.

The expert witness demonstrated an ability to provide unbiased testimony, as Dr. Fischer has worked as an expert witness in previous cases for both prosecution and defense teams.  Additionally, the thorough cross-examination like the one conducted by the prosecutor at the Daubert hearing is sufficient to assist the jury in determining what weight, if any, to give to

---

[3]Government Exhibit 1.

[4]Government Exhibit 2.

Dr. Fischer's expert testimony.  <u>See</u> <u>Daubert</u>, 509 U.S. at 596; <u>Johnson v.</u>

<u>Mead Johnson & Co., LLC</u>, 754 F.3d 557 (8th Cir. 2014).

## II.      Scope of Dr. Fischer's Testimony

"In a criminal case, an expert witness must not state an opinion about

whether the defendant did or did not have a mental state or condition that

constitutes an element of the crime charged or of a defense.  Those matters are

for the trier of fact alone."  FED. R. EVID. 704(b).  Here, Ms. Brown raises self

defense.  This court's standard self defense jury instruction states in part the

following:

> If a person reasonably believes that force is necessary to protect
> herself from what she reasonably believes to be unlawful physical
> harm about to be inflicted by another and she uses such force, then
> she acted in self defense.  However, self defense which involves using
> force likely to cause death or great bodily harm is justified only if the
> person reasonably believes such force is necessary to protect herself
> from what she reasonably believes to be a substantial risk of death
> or great bodily harm.

Any opinion by Dr. Fischer describing Ms. Brown's mental state at the

time of the alleged stabbing that constitutes an element of self defense is

inadmissible under Rule 704(b).  During the <u>Daubert</u> hearing, the defense

proposed Dr. Fischer would testify regarding Ms. Brown's state of mind at the

time of the stabbing and whether Ms. Brown's actions were reasonable under

the circumstances at the time she stabbed the decedent.  Although the

proposed testimony does not use the phrase "self defense," it directly speaks to

her state of mind and a condition that constitutes an element of the defense,

*i.e.*, whether Ms. Brown's actions were reasonable as defined in the court's self

defense jury instruction.  Such testimony would invade the province of the

jury, and is inadmissible. Fed. R. Evid. 704(b). However, "[t]estimony that, when combined with other evidence, might imply or otherwise cause a jury to infer this ultimate conclusion . . . is permitted under [Rule 704]." United States v. Vesey, 338 F.3d 913, 916 (8th Cir. 2003).

The scope of Dr. Fischer's expert testimony is akin to that frequently offered by the prosecution in child sexual abuse cases. A witness with expertise in the symptoms and outward behavioral expressions of being sexually abused is allowed to testify that the alleged victim child's behavior is consistent with that of an abused child. The witness cannot state an opinion that the alleged child victim was sexually abused. That determination is exclusively for the jury. Likewise, Dr. Fischer can testify about the opinions disclosed in numbered paragraphs 1 through 4 of docket entry 32, the expert witness notice. Based on her extensive interviews of Ms. Brown as part of the domestic violence evaluation, Dr. Fischer can opine whether Ms. Brown's behavior in killing the decedent is consistent with the behavior of a battered person. Dr. Fischer cannot testify that Ms. Brown's actions were reasonable or that Ms. Brown was acting in self defense at the time of the killing.

Accordingly, it is

ORDERED that Dr. Karla Fischer is permitted to testify at trial consistent with the terms of this order.

DATED February 12, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE